This matter is before the court on a motion made by defendant Passaic Valley Water Commission, to strike out the bill of complaint on the ground of want of equity. The bill seeks to enjoin the commission from supplying water from the Wanaque reservoir to the town of Nutley under a contract made with the commission on the 1st day of March, 1933. The bill sets forth some of the history of the construction of the reservoir and attaches thereto copies of the contracts involved in the construction of the reservoir and disposal of water therefrom. The bill asserts that the contract with the town of Nutley was made without the consent of complainant and is therefore void, and that under the contract, the town of Nutley obtains water at less than cost. It further alleges that prior to the making of the contract *Page 174 
between the commission and the town of Nutley, the town was obtaining water from complainant from a source other than the Wanaque reservoir and complainant therefore contends that it is unfair and unequitable to allow the town of Nutley to obtain its water supply at below cost and therefore at the expense of complainant.
It is the contention of the commission that by the express terms of a certain contract dated June 4th, 1925, the surplus waters of any of the municipalities involved may be sold by the commission without obtaining the consent of all the municipalities. The relevant provision is clause 16, which reads as follows:
"Prior to the actual consumption by Newark and Paterson [Passaic, Clifton] of the full amount of their respective allotments, the said municipalities shall be at liberty to enter into contract with any municipality * * * for the supplying of water, upon such terms as to said respective municipalities shall seem proper, or Newark and Paterson [Passaic, Clifton] may respectively authorize the Commission to dispose of the unused balances of the allotments on their behalf."
It would seem fairly clear from this language, if taken alone, that no single municipality would have the right to veto the sale of surplus water of other municipalities involved. The word "respective," as used in the contract, is disjunctive and not collective, and if the language of the contract were the sole consideration, would seem to be dispositive of complainant's rights, and the bill would therefore fail.
There are other considerations, however, and I do not consider that the court would be justified in disposing of the important interest involved on a motion to dismiss the bill. It has been pointed out that the matter of water supply is vital to every community and charged with the gravest public interest. EastJersey Water Co. v. Newark, 96 N.J. Eq. 231.
Whatever the forms and instrumentalities adopted to build and operate the Wanaque reservoir, it is in essence a co-operative enterprise involving a community of interest. The right of the court of chancery to regulate the use of water *Page 175 
among those entitled to it was laid down as early as the case ofLehigh Valley Railroad Co v. Society for Establishing UsefulManufactures, 30 N.J. Eq. 145.
The contract between the commission and the town of Nutley should be construed not merely from the naked phraseology of section 16, but there should be taken into consideration the context and the circumstances under which the reservoir was constructed and operated. These facts can be developed only at a final hearing and in my opinion the rights of complainant should not be disposed of without an opportunity to present them. The bill of complaint sets forth circumstances which if proven may have an important bearing on the construction of the contract.
The decision on the motion to strike will be reserved until final hearing.